**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,           )
                             )
        v.                   )        I.D. No. 1001019523
                             )
ERIC E. WILLIAMS,            )
        Defendant.           )


*Upon Defendant's Motion for Postconviction Relief* **- DENIED**
Submitted: January 28, 2015
Decided: March 4, 2015

*Upon Motion to Withdraw as Counsel for Eric Williams* **– GRANTED**
Submitted: January 28, 2015
Decided: March 4, 2015


On January 26, 2010, members of New Castle County Police and Department of Corrections Probation and Parole Safe Streets Unit executed an administrative search warrant on two probationers staying in Room 174 of the Fairview Inn at 1051 N. Market St., Wilmington, Delaware. The probationers were the defendant in this case Eric Williams, a Level 2 probationer and convicted felon ("Defendant") and William Comer, a Level 3 probationer and convicted felon. As convicted felons, both Defendant and Comer were prohibited from possessing firearms.

Room 174 was registered in Defendant's name. Neither Defendant nor Comer was in Room 174 at the time the warrant was executed. The following items were recovered from Room 174: 19 grams of Cocaine; 16 bags of Heroin; 40

rounds of .32 caliber ammunition; a loaded .32 caliber revolver; a digital scale; and various drug paraphernalia. Also recovered were pieces of mail belonging to both Defendant and Comer. Defendant was arrested as he attempted to enter Room 174 while police were inside. Defendant had the key to Room 174 in his possession when he was taken into custody.

Defendant was charged with Trafficking Cocaine (10-50 grams); Possession of a Firearm During Commission of a Felony; Possession with Intent to Deliver Cocaine; Possession with Intent to Deliver Heroin; Possession of Ammunition By a Person Prohibited; Possession of a Firearm By a Person Prohibited; Maintaining a Dwelling; Conspiracy 2nd Degree; Possession of Drug Paraphernalia; and Resisting Arrest. Defendant was also charged with Violation of Probation.[1] If Defendant had been convicted of all new charges arising from the January 26, 2010 arrest and the Violation of Probation, he would have faced almost twenty (20) years of minimum mandatory Level 5 incarceration.

Kathryn Van Amerongon, Esquire, was appointed as Defendant's trial counsel. Ms. Van Amerongon represented Defendant for approximately one week before recusing herself and her office due to a conflict of interest. Peter Letang, Esquire, was the second attorney appointed to Defendant as trial counsel. Mr. Letang also recused himself due to a conflict of interest within one week of his

---

[1] Defendant was on probation for an unrelated matter.

appointment. Patrick Collins, Esquire, was appointed as counsel for Defendant and represented Defendant through the conclusion of the case. (Mr. Collins is referenced herein as "Trial Counsel").

The Court scheduled trial for December 14, 2010. More than nine months after his arrest, following the completion of discovery and a full investigation conducted by Trial Counsel, Defendant pled guilty on December 2, 2010 to Possession of a Firearm During Commission of a Felony and Possession of Drug Paraphernalia. The remaining eight charges were dropped.

Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Defendant personally in open court. The Court determined that Defendant understood the nature of the charges to which the plea was offered, the mandatory minimum penalties provided by law, the maximum possible penalties provided by law, and the range of possible penalties included in the sentence imposed by the Court in this case. Defendant acknowledged in open court that he was guilty of the criminal conduct to which he was pleading guilty and acknowledged his responsibility for the violation of probation. The Court emphasized that the dismissal of the remaining charges reflected Defendant's acceptance of responsibility for his criminal conduct.

The Court sentenced Defendant to three (3) years at Level 5 incarceration, the minimum mandatory sentence for Possession of a Firearm During Commission

3

of a Felony.  In addition, because Defendant admitted that he was responsible for the Violation of Probation, the Court sentenced Defendant to an additional three (3) years at Level 5.  Defendant's incarceration was to be followed by one (1) year of community-based supervision at probation Level 3.

Defendant filed a Motion for Postconviction Relief on May 29, 2012.  The Motion asserted four grounds for relief, including ineffective assistance of counsel. The Court requested affidavits from each of Defendant's prior counsel.  Pursuant to Defendant's claims for relief, Ms. Van Amerongon filed an affidavit to which Defendant submitted a reply.  Mr. Letang filed an affidavit to which Defendant submitted a reply.  Trial Counsel submitted an affidavit to which Defendant submitted a reply.  By letter dated January 25, 2013, the Court sought additional information from Mr. Letang's office.  At this time, the Court did not require the State to file a response to Defendant's Motion.

This case was reassigned in August 2013, at which time the Court requested a response from the State to Defendant's Motion for Postconviction Relief.  At about the same time, Defendant requested that Rule 61 counsel be appointed to represent him.  Accordingly, the Court informed the State that a response to Defendant's Motion should not be filed.  On October 18, 2013, the Court ordered appointment of Rule 61 counsel.  By Order dated April 15, 2014, Christopher

4

Tease, Esquire, was appointed as Rule 61 Counsel.[2] (Mr. Tease is referenced herein as "Rule 61 Counsel").[3]

Rule 61 Counsel filed a Motion to Withdraw as Counsel pursuant to Superior Court Criminal Rule 61(e)(6), asserting that Defendant failed to allege meritorious grounds for postconviction relief. The State filed a response requesting that Defendant's Motion for Postconviction Relief be denied. This is the Court's decision on Defendant's Motion for Postconviction Relief and Rule 61 Counsel's Motion to Withdraw.

## I. DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

### A. *Standard of Review*

Defendant filed the Motion for Postconviction Relief in 2012.[4] Before addressing the merits of a motion for postconviction relief, the Court must consider the procedural requirements of Rule 61(i).[5] A motion is procedurally sufficient for consideration on the merits if it is the defendant's first motion,[6] the motion is

---

[2] A change in procedural rules and a backlog of cases requiring appointment of Rule 61 counsel caused a six-month delay in appointment of Rule 61 Counsel.

[3] Rule 61 Counsel is not practicing law at this time. Nevertheless, he has fulfilled his obligations to the Court in this matter and the Court will not appoint subsequent counsel.

[4] Accordingly, the Court will apply the version of Superior Court Criminal Rule 61 prior to the enactment of the 2014 amendments.

[5] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[6] Super. Ct. Crim. R. 61(i)(2) ("Any ground for relief that was not asserted in a prior postconviction proceeding…is thereafter barred, unless consideration of the claim is warranted in the interest of justice.").

timely,[7] and the motion does not assert grounds for relief already adjudicated.[8] Furthermore, any ground for postconviction relief that was not asserted in the proceedings below leading to the judgment of conviction, as required by the rules of this Court, is thereafter barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[9] Defendant filed the pending Motion for Postconviction Relief seventeen (17) months after his conviction. Accordingly, Defendant's Motion is procedurally defect as untimely.

Defendant seeks to overcome the procedural time bar under the fundamental fairness exception of Rule 61(i)(5). If a motion for postconviction relief is procedurally defect, the Court may nonetheless consider the merits of the motion if it represents a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability or fairness of the proceedings leading to the judgment of conviction."[10] The fundamental fairness exception is a narrow one and has been applied only in limited circumstances.[11] The movant has the burden of proof and must show that he has been deprived of a substantial constitutional right.[12]

---

[7] Super. Ct. Crim. R. 61(i)(1)("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final[.]").
[8] Super. Ct. Crim. R. 61(i)(4).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(5).
[11] *Younger v. State*, 580 A.2d 552, 555 (Del. 1990).
[12] *Id.*

Defendant's Motion asserts claims of ineffective assistance of counsel against Ms. Van Amerongen, Mr. Letang, and Trial Counsel. Defendant's Motion asserts a claim of actual innocence. Finally, Defendant asserts that the search of Room 174 was in violation of Defendant's Fourth Amendment rights.

### B. Defendant's Claims of Ineffective Assistance of Counsel

Defendant's first ground for postconviction relief contends that Ms. Van Amerongen, Mr. Letang, and Trial Counsel provided Defendant with ineffective assistance of counsel. Defendant fails to establish that the attorneys' conduct fell below an objective standard of reasonableness.[13]

In order to succeed on a claim of ineffective assistance of counsel, Defendant must show that (1) counsel's representation fell below an objective standard of reasonableness,[14] and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[15] The movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[16] Failure to prove either prong renders the claim insufficient.[17] Moreover, to avoid summary dismissal, the movant must

---

[13] *See Strickland v. Washington*, 466 U.S. 668 (1984).
[14] *Id.* at 688.
[15] *Id.* at 694.
[16] *Id.* at 688.
[17] *Id.*

provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse effects actually suffered.[18]

Defendant asserts that Ms. Van Amerongen, Mr. Letang, and Trial Counsel failed to secure text messages between Defendant and a member of the Wilmington Police Department. Defendant contends that the text messages would have shown an ongoing dialogue that demonstrated Defendant's innocence. Defendant claims that failure to obtain the messages represents ineffective assistance of counsel.

Ms. Van Amerongen and Mr. Letang did not provide ineffective assistance of counsel by failing to obtain Defendant's text messages. Both attorneys ascertained the existence of a conflict of interest and were granted leave by the Court within one week of appointment as Defendant's counsel. Due to the conflicts of interest and the abbreviated time of representation, Ms. Van Amerongen and Mr. Letang reasonably refrained from requesting discovery of cell phone records on Defendant's behalf. The only remaining duty in existence following termination of the attorney-client relationship is the duty of confidentiality.[19] Any remaining duties of representation, including the duties to conduct adequate investigation and preparation, were imputed to Trial Counsel as Defendant's newly appointed counsel.

---

[18] *Younger*, 580 A.2d at 556.
[19] *See* Del. Prof. Con. R 1.6.

8

Trial Counsel did not provide ineffective assistance of counsel by failing to obtain Defendant's text messages. Trial Counsel followed up on Defendant's representations regarding the messages by discussing the matter with the Attorney General's Office.[20] The Deputy Attorney General stated on the record that Defendant did not have a deal in place with the Wilmington Police Department and that Defendant's claims were untrue.[21] Nevertheless, Trial Counsel hired an investigator to run a check on Defendant's phone records.[22] The result of the investigation did not prove helpful to Defendant's case.[23] After considering the issues presented by Defendant's case, Trial Counsel exercised professional judgment and encouraged Defendant to accept the plea to avoid at least a decade of jail time.[24]

In the Motion for Postconviction Relief filed by Defendant as a self-represented litigant, Defendant asserts that Trial Counsel's failure to investigate and file a motion to suppress evidence seized from Room 174 represents ineffective assistance of counsel.[25] Defendant argues that "Mr. Collins failed to listen to his client's information. According to Defendant, had Trial Counsel done

---

[20] Collins Aff. 4.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] Prior to reassignment, Defendant filed a *pro se* motion to suppress evidence seized from Room 174. The Court forwarded Defendant's *pro se* motion to Trial Counsel. Trial Counsel withdrew the motion on Defendant's behalf.

9

this and investigated Defendant's claims, Trial Counsel would have concluded that that the search of the motel room was illegal."[26]

Trial Counsel did not provide ineffective assistance of counsel by failing to investigate and file a motion to suppress evidence. Trial Counsel closely reviewed the facts and law by which Defendant sought to challenge the seizure of evidence and determined that the proposed challenge had no merit.[27] Trial Counsel notified Defendant in writing that Trial Counsel believed that a motion to suppress was not supported by the facts or law.[28] Trial Counsel advised Defendant that he would not file a motion to suppress and also advised Defendant regarding the plea offered by the State. Specifically, Trial Counsel advised Defendant that accepting the proffered plea offer was in Defendant's best interest.[29] Defendant followed the advice of Trial Counsel and accepted the State's plea offer.[30]

Defendant asserts that Trial Counsel's failure to pursue an actual innocence claim on Defendant's behalf represents ineffective assistance of counsel which resulted in a miscarriage of justice not procedurally barred by Superior Court Rule 61(i). To the contrary, the Court finds that Trial Counsel reasonably exercised

---

[26] Def.'s Mot. for Postconviction Relief, 11.
[27] Collins Aff. 3.
[28] *Id.*
[29] *Id.* at 4.
[30] The Delaware Lawyers' Rules of Professional Conduct confer upon the client the ultimate decision concerning the objectives of representation, including the decision to enter a plea in a criminal case. *See* Del. Prof. Con. R. 1.2 cmt. 1. The means by which those objectives are to be pursued are within the technical and legal discretion of the lawyer, subject to the communication requirements set forth in Rule 1.4. *Id.*

professional judgment in declining to assert Defendant's pretrial actual innocence claim. Trial Counsel closely examined the validity of the probation search and the numerous items of contraband discovered in Room 174.[31] Trial Counsel advised Defendant that a plea of guilty and acceptance of the State's offer was Defendant's best option under the circumstances. Trial Counsel considered the substantial evidence against Defendant, if presented by the State at trial, might result in a conviction on all charges at trial.[32] Accordingly, Defendant's claims for ineffective assistance of counsel do not warrant relief under Rule 61(i)(5).

### C. Defendant's Claim of Actual Innocence

Defendant's second ground for postconviction relief alleges actual innocence. Defendant contends, "had [Defendant] been afforded the luxury [sic] of having evidence which would have been available to him; he would have showed to a legal certainty that he was innocent of the crimes against him."[33] The Court finds that Defendant's assertion of actual innocence does not represent meritorious grounds for postconviction relief.

Defendant acknowledged his guilt in open court. The Court emphasized that dismissal of other counts against Defendant reflected Defendant's acceptance of responsibility. Defendant secured a favorable plea offer to avoid approximately

---

[31] Collins Aff. 4.
[32] *Id.*
[33] Def.'s Mot. for Postconviction Relief, 7.

twenty (20) years of incarceration if convicted at trial. A voluntary guilty plea waives a defendant's right to challenge any errors or defects before the plea, even those of constitutional dimension.[34] In the absence of "clear and convincing evidence" to the contrary, a movant is bound by his signature of the guilty plea form and by his statements made in the plea colloquy.[35] Defendant is bound by the statements he made to this Court before his plea was accepted.[36]

### D. Defendant's Claim of Fourth Amendment Violations

Defendant's final ground for postconviction relief asserts that the search of Room 174 was in violation of Defendant's Fourth Amendment rights. Defendant's claim is barred as an assertion of grounds for relief that has already been adjudicated.

As previously noted, Trial Counsel's decision to withdraw Defendant's *pro se* Motion was a reasonable exercise of professional judgment. Trial Counsel communicated to the Defendant that the motion would not be filed, as Trial Counsel believed it was without merit and not supported by facts. Even if Defendant's Fourth Amendment claim was not procedurally barred, Trial Counsel

---

[34] *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 5, 2004).
[35] *Id.*
[36] *See Somerville v. State,* 703 A.2d 629, 632 (Del. 1997).

12

has provided the Court with adequate explanation for his decision to withdraw Defendant's *pro se* Motion to Suppress Evidence.[37]

### E. There is No Colorable Claim of Miscarriage of Justice

Procedural bars for a postconviction claim are not applicable to a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[38] In *Wright v. State*, the Delaware Supreme Court applied the narrow "miscarriage of justice exception" of Rule 61(i)(5) to the defendant's claims of *Brady* violations.[39] In *Wright*, the defendant was granted a new trial based on the cumulative error of three *Brady* violations.[40] The Court determined there was a reasonable probability that the verdict might have been different and determined that the cumulative impact of the violations created doubt in the outcome of trial.[41] Accordingly, the case was remanded for a new trial.[42]

Unlike the circumstances in *Wright*, Defendant's contentions fall short of establishing colorable *Brady* violations when considered individually or

---

[37] *See supra*, Part II.B.
[38] Super. Ct. Crim. R. 61(i)(5).
[39] *Wright v. State*, 91 A.3d 972, 985-86 (Del. 2014) ("[I]t is well established that a colorable *Brady v. Maryland* violation falls within the miscarriage of justice exception.").
[40] *Id.* at 983.
[41] *Id.* at 993-94.
[42] *Id.* at 994.

13

cumulatively. As discussed above,[43] Defendant's claims do not raise concerns of fairness and reliability and there were no *Brady* violations.

Defendant's defaults are not excused. Defendant has not demonstrated that reconsideration of the claims is warranted in the interest of justice. Nor has Defendant presented a colorable claim of a miscarriage of justice because of a constitutional violation to warrant application of the exception in Rule 61(i)(5). The fundamental legality, reliability, integrity and fairness of the proceedings leading to Defendant's conviction and sentencing are sound.

## II.   RULE 61 COUNSEL'S MOTION TO WITHDRAW AS COUNSEL

Rule 61 Counsel filed a Motion to Withdraw as Counsel pursuant to Superior Court Criminal Rule 61(e)(6) on the grounds that Defendant failed to assert meritorious grounds for postconviction relief. Withdrawal may be appropriate when "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant . . . ."[44] The Court must conduct a review of the record to determine whether Defendant's motion contains any reasonable ground for relief.[45]

---

[43] *See generally* Section I, II, *infra* (discussing the merits of Defendant's *Brady* claims that the State withheld information useful to implicate another person; impeach Gaines; and failing to disclose the entirety Miller's statements).
[44] Super. Ct. Crim. R. 61(e)(6).
[45] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. Dec. 12, 2013).

Rule 61 Counsel asserts that he has conducted careful and conscientious analysis of Defendant's case materials in order to evaluate Defendant's claims. Following his analysis, Rule 61 Counsel has determined that Defendant's case presents no arguable issues to ethically advocate. The Court has reviewed Defendant's Motion and determined that Defendant presents no meritorious grounds for relief. Accordingly, withdrawal as counsel is appropriate.

### III. CONCLUSION

Defendant's claims of ineffective assistance of counsel are without merit and do not warrant relief under Rule 61(i)(5). Defendant fails to establish that Ms. Van Amerongen, Mr. Letang, and Trial Counsel's conduct fell below the objective standard of reasonableness set forth in *Strickland*. Defendant's assertion of actual innocence does not represent meritorious grounds for postconviction relief. Defendant's Fourth Amendment claim is procedurally barred as formerly adjudicated. There is no colorable claim of a miscarriage of justice.

**NOW, THEREFORE, on this 4th day of March 2015, Defendant's Motion for Postconviction Relief is hereby DENIED and Rule 61 Counsel's Motion for Withdraw as counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

15